IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHARMAR DAKWAUN MCQUATER,

    Defendant.

Case No. 3:18-CR-176
JUDGE WALTER RICE

## OPINION AND ORDER

The United States Probation Office for the Southern District of Ohio received on March 1, 2019, two Subpoenas issued from the Dayton Municipal Court for the Southern District of Ohio Probation Department and Human Resources Department to Produce Documents, Information, or Objects in a Criminal Case and for United States Probation Officer Danie Fugate to appear for deposition. For the following reasons, the Court **QUASHES** both subpoenas.

### I.

The Director of the Administrative Office of the United States Courts has promulgated regulations establishing procedures for the production or disclosure of documents and the testimony of federal judicial personnel, including United States probation officers, in legal proceedings. Those procedures, outlined in Volume 20, Chapter 8 of the *Guide to Judiciary Policy* (the "*Guide*"), have been adopted by this Court in its local criminal rules. *See* S.D. Ohio Crim. R. 32.3(b). Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with the regulations set forth in Volume 20, Chapter 8 of the *Guide. Guide to Judiciary Policy*, vol. 20, ch. 8, § 820(a); *see also In re Morning Song Bird Food Litig.*, 119 F. Supp. 3d 793, 799 (S.D. Ohio 2015) (restating the

1

*Guide*'s general prohibition on testimony and record production in legal proceedings).

A request for testimony or production of records from judicial personnel "shall set forth, or shall be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 830(a). The statement or affidavit must contain "an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means." *Id.* "This explanation shall contain sufficient information for the determining officer [as identified below] to determine whether or not federal judicial personnel should be allowed to testify or the records should be produced." *Id.* If the request lacks a sufficient explanation, the determining officer may deny the request or ask that the requester provide additional information. *Id.*

Judicial personnel may not provide testimony or produce records in legal proceedings without the prior approval of a "determining officer." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 840(a). The determining officer varies depending on the request. As to requests directed to an employee or former employee of a court office—such as the Clerk's office, the Probation office, or the Pretrial Services office—the determining officer is the unit head of the particular office— such as the Clerk of Court, the Chief Probation Officer, or the Chief Pretrial Services Officer. *Id.* § 840(b)(3). If a request is directed to a court office, the determining officer shall consult with the Chief District Judge regarding the proper response to the request. *Id.*; *see also* S.D. Ohio Crim. R. 32.3(c).

"In response to a request for testimony or the production of records by federal judicial personnel in legal proceedings . . . the determining officer may determine" whether and how the

2

judicial personnel may respond. *Guide to Judiciary Policy*, vol. 20, ch. 8, § 850(a). The determining officer may deny a request if the request does not meet any requirement imposed by Volume 20, Chapter 8 of the *Guide*. *Id.* Moreover, when determining whether to authorize the production of judicial records or the testimony of judicial personnel in legal proceedings, "the determining officer will consider, based on [several enumerated factors], the effect in the particular case, as well as in future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties." *Id.*

## II.

Here, after consulting with the Chief United States Probation Officer, the Court concludes that the Probation Department shall not comply with the subpoena. The subpoena was not issued in accordance with the requirements established in Volume 20, Chapter 8 of the *Guide*. The subpoena did not set forth, or contain an affidavit setting forth, "an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 830(a).

Reinforcing the Court's decision is the policy underlying the Probation Office's collection and maintenance of information. Probation Office policy explains that

> [c]onfidentiality of pretrial services information is preserved primarily to promote a candid and truthful relationship between the defendant and the pretrial services officer. Disclosure of pretrial services information for purposes other than for the determination of pretrial release deters defendants from cooperating with pretrial services officers. The officers' ability to collect information is adversely affected by too closely identifying the officers with parties requesting the disclosure.

3

The reasons for maintaining the confidentiality of pretrial, probation and supervised release supervision records are as compelling. In order to obtain complete and accurate information about the conduct and condition of defendants and offenders under supervision to ensure they are in compliance with the court's orders; in order to monitor their activities to determine if conditions of supervision or release should be modified, and; in order to better assist in providing correctional treatment in the rehabilitation process of offenders, probation and pretrial services officers must be able to get information. Only with confidentiality will the offender and others be likely to openly share information of these kinds.

*Policy Statement Re: Probation and Pretrial Services Records and State Court Subpoenas of Probation and Pretrial Services Officers* 2 (2005).

### III.

For these reasons, the Court **QUASHES** the subpoena. The Probation Department for the Southern District of Ohio shall not provide the requested confidential documents.

**IT IS SO ORDERED.**

_____3-25-2019_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

4